**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

Plaintiff

v.

EDUARDO COLÓN-NALES

Defendant

**CRIM NO.** 03-278 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Eduardo Colón-Nales's ("Defendant" or "Colón") *Motion for Compassionate Release* as well as the Government's opposition thereto. (Docket Nos. 141 and 149). For the reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE.**

### I.   PROCEDURAL BACKGROUND

On April 1, 2005, Defendant was sentenced to a 300-month term of imprisonment for Robbery of a Motor Vehicle with Intent to Cause Serious Bodily Harm in violation of 18 U.S.C. § 2119(2) (Count 1). (Docket No. 83 at 1). Defendant is scheduled for release on February 19, 2026. (Docket No. 141 at 10).

Defendant filed administrative requests for compassionate release with the warden of Yazoo USP and FCI Marianna on July 26, 2020 and April 24, 2021 respectively. (Docket Nos. 141 at 5-6 and

141-1 at 1). Therein he alleged he was susceptible to serious illness or death from COVID-19 due to several medical conditions, most notably chronic Hepatitis C, hypothyroidism, and hyperlipidemia. (Docket Nos. 141 at 7 and 141-1 at 1). There is no dispute that Defendant satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). (Docket No. 149 at 3).

On March 22, 2022, Colón filed a *Motion for Compassionate Release* emphasizing his medical conditions. (Docket No. 141 at 1, 7). Defendant discusses his hypothyroidism and hyperlipidemia, which he is medicated for, only passingly. (Docket Nos. 141 at 7-8; 141-2 at 1 and 141-3 at 1). Defendant more extensively argues that he is susceptible to serious illness from COVID-19 due to his chronic Hepatitis C, although it is in remission. (Docket No. 141 at 7-8). Defendant argues that his susceptibility to COVID-19 constitutes an extraordinary and compelling reason warranting release. Id.

The Government opposed Defendant's *Motion* on April 22, 2022. (Docket No. 149). The Government contends that Colón's Hepatitis C is effectively cured and that there is no evidence of liver disease or a compromised immune system. Id. at 3, 13-14. The Government indicates that around January 12, 2022, Colón contracted asymptomatic COVID-19 and recovered without issue. It also points out Colón received the Johnson & Johnson ("Janssen")

one-shot vaccine on August 30, 2021 and a Moderna "booster shot" on December 15, 2021. (Docket Nos. 149 at 15-21 and 149-1 at 57). Thus, the Government argues that Colón's case does not present an extraordinary and compelling reason warranting release. (Docket No. 149). The Court agrees.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may grant reduced sentencing via compassionate release if certain standards are met. *See* 18 U.S.C. § 3582(c)(1)(A). First, defendants must exhaust all administrative remedies. Id. Mr. Colón demonstrates that he did so here. (Docket Nos. 141 at 5-6; 141-1 at 1 and 149 at 3). Yet "there **must still be** 'extraordinary and compelling reasons' warranting a reduction" for compassionate release to be granted. United States v. Bueno-Beltran, 2022 WL 1442008, at *2 (D.P.R. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (emphasis in the original). Compassionate release is restricted by the statute's explicit requirements and must be "logically guided by the plain meaning" of the statute's phrase, "extraordinary and compelling reasons." United States v. Canales-Ramos, 19 F.4th 561, 566 (1st Cir. 2021); 18 U.S.C. § 3582(c)(1)(A). *See also* United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022).

A defendant's particular circumstances may fail to reach the "requisite level of both extraordinary and compelling" even if other factors are favorable. *See e.g.,* United States v. Sepulveda,

34 F.4th 71, 74-77 (1st Cir. 2022). Reasons which qualify for reduction include "(A) medical reasons; (B) age; (C) family circumstances; and (D) '[o]ther [r]easons[.]'" United States v. Saccoccia, 10 F.4th 1, 7 (1st Cir. 2021) (quoting USSG § 1B1.13). That enumeration is neither binding nor exhaustive but rather "may serve as a non-binding reference" when evaluating a defendant's particular circumstances as a whole. Ruvalcaba, 26 F.4th at 23. "Thus, the Court reviews the entirety of the record to decide if Defendant has established extraordinary and compelling reasons for a sentence reduction." Bueno-Beltran, 2022 WL 1442008, at *2.

Defendant contends that his alleged susceptibility to serious illness from COVID-19 constitutes an extraordinary and compelling reason under a variety of standards. (Docket No. 141 at 6-8). Defendant's alleged susceptibility is clearly a medical reason even if it does not rise to the "requisite level of both extraordinary and compelling." Sepulveda, 34 F.4th at 75. *See also* Saccoccia, 10 F.4th at 7 (quoting USSG § 1B1.13). The suggestion that medical conditions may be taken cumulatively with other reasons under the other reasons standard is plausible, though questionable as surplusage. *See* Saccoccia, 10 F.4th at 7 (quoting USSG § 1B1.13). Defendant's better argument is that considering his particular circumstances as a whole strengthens his overall *Motion* pursuant to Saccoccia and Ruvalcaba. (Docket No. 141 at 1-2, 4-5). His extensive time behind bars, his rehabilitative

efforts, and the fact that he is nearing the end of his sentence do contribute to his claim. Id. However, Defendant's core argument for compassionate release remains the allegedly extraordinary and compelling nature of his susceptibility to serious illness from COVID-19. Id. at 6-8. Whatever the standard, that contention is unpersuasive.

First, Defendant's hyperlipidemia and hypothyroidism are medicated, and Defendant makes no showing that either condition increases his susceptibility to serious illness from COVID-19. (Docket No. 141 at 6-8). Neither condition is recognized by the Centers for Disease Control and Prevention ("CDC") as increasing susceptibility to serious illness from COVID-19, and the Government cites numerous cases denying compassionate release for each. (Docket No. 149 at 3, 12-13). Indeed, this Court has previously denied compassionate release in a case involving asserted COVID-19 susceptibility due to hyperlipidemia. *See* United States v. Cruz-Barrientos, No. 16-282-20(RAM), at 6-7 (D.P.R. Dec. 15, 2021). Defendant provides scant case law supporting a departure from CDC guidelines regarding these conditions. (Docket No. 141 at 6-8).

Next, Defendant's contention that chronic Hepatitis C may support compassionate release is better supported by case law because Hepatitis C may compromise immune response and/or cause damage to the liver. (Docket Nos. 141 at 6-8 and 149 at 13-15).

However, both parties agree that Defendant's Hepatitis C is in remission. (Docket Nos. 141 at 6-8 and 149 at 13-15). The Government demonstrates that Defendant's chronic yet remissory Hepatitis C has not compromised his liver health or immune response. (Docket Nos. 149 at 13-15 and 149-1 at 60). Defendant alleges that he remains "under car[e]" for Hepatitis C, which the Government disputes. (Docket Nos. 141 at 7 and 149 at 14). Even if true, this alone would not suffice because this Court has previously denied compassionate release for COVID-19 where active, i.e., not in remission, Hepatitis C was medicated. Cruz-Barrientos, No. 16-282-20(RAM), at 6-7.

More importantly, Defendant has not only received COVID-19 vaccination via the Janssen one-shot and Moderna booster, but he also contracted asymptomatic COVID-19 and recovered without issue. (Docket Nos. 149 at 15-23 and 149-1 at 57, 101). Courts ordinarily deny compassionate release for susceptibility to serious illness from COVID-19 if a defendant has received COVID-19 vaccination. See e.g., United States v. Osorio, 552 F.Supp.3d 96, 98 (D. Mass. 2021) (citation omitted); United States v. Solans, 2021 WL 4776631, at *2 (D. Mass. 2021) ("The FDA has concluded through extensive testing that the Johnson & Johnson vaccine is highly effective in preventing infection and severe disease."); United States v. Stone, 2021 WL 5146183, at *7 (D. Me. 2021) (collecting cases). Moreover, this Court has observed that "prior infection weighs

against compassionate release." <u>Cruz-Barrientos</u>, No. 16-282-20(RAM), at 3 (citation omitted). Most courts agree. (Docket No. 149 at 21-23). The fact that Defendant's infection was *asymptomatic* detracts from the argument that he is susceptible to serious illness from COVID-19. <u>Id.</u> An analysis "logically guided by the plain meaning" of the phrase "extraordinary and compelling" cannot plausibly find the "requisite level" of susceptibility in Defendant's particular circumstances. *See* 18 U.S.C. § 3582(c)(1)(A); <u>Canales-Ramos</u>, 19 F.4th at 566; <u>Sepulveda</u>, 34 F.4th, at 74-77.

Given his COVID-19 history, alongside the relatively minor nature of his medical conditions vis-à-vis COVID-19, Defendant has not demonstrated "a particularized susceptibility to the disease." <u>United States v. Gandia-Maysonet</u>, 2021 WL 219191, at *1 (D.P.R. 2021) (citation omitted). Lastly, there is not a "particularized risk of contracting the disease at his prison facility." <u>Id.</u> FCI Marianna has fully vaccinated 808 of approximately 966 inmates since vaccination was authorized. (Docket No. 149 at 7). The facility has also vaccinated 171 staff members. <u>Id.</u> Although the facility currently has thirty-two active cases among its inmates and two among its staff members, 479 of its inmates and 91 of its staff members have previously recovered from COVID-19, further

bolstering the widespread immunity established by FCI Marianna's

comprehensive vaccination efforts.[1]

### III. CONCLUSION

For reasons set forth above, Defendant Eduardo Colón-Nales's

*Motion for Compassionate* Release is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

---

[1]  *See        Covid-19        Cases*,        Federal        Bureau        of        Prisons,
https://www.bop.gov/coronavirus/index.jsp and *FCI Marianna*, Federal Bureau of
Prisons, https://www.bop.gov/locations/institutions/mna/ (last visited on June
22, 2022).