IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

**EDUARDO COLON-NALES [1],**
    Defendant.

Criminal No. 03-278 (RAM/BJM)

## REPORT AND RECOMMENDATION

Defendant Eduardo Colon-Nales ("Colon") was convicted of one count of robbery of motor vehicle with intent to cause serious bodily harm, in violation of 18 U.S.C. § 2119 (2). Docket ("Dkt.") 83. On April 4, 2005, this court sentenced him to 300 months of imprisonment. Dkt. 83. Colon seeks to have this court reduce his sentence and grant a compassionate release. Dkt. 173; 175. The government has opposed. Dkt. 189.

This court has jurisdiction under 18 U.S.C. § 3582(c)(1)(A). This matter was referred to me for a report and recommendation. Dkt. 179. For the following reasons, the court should **DENY** Colon's motion to reduce sentence and for compassionate release.

### BACKGROUND

Colon is a forty-one-year-old male born on May 2, 1983. Dkt. 72 at 2. As a juvenile, he committed three felony offenses. He was sentenced to probation for the first adjudication, but it was soon revoked because he did not comply with his probation conditions. For the second adjudication, he was sentenced to twelve months of imprisonment, and in the third adjudication, he was sentenced to two years and six months of imprisonment. Dkt. 72 at ¶29. In April 2002, at the age of eighteen, he committed a burglary, which was later reduced to illegal appropriation. The state court sentenced him to two years of probation; however, probation was revoked, and he was

sentenced to two years of imprisonment. Dkt. 72 at ¶30. Colon committed the instant offense on August 4, 2003, while on furlough for the April 2002 offense. *Id.* at ¶1, ¶32.

In the present case, Colon was sentenced to 300 months of imprisonment. Dkt. 83. Colon committed a carjacking in which he put a knife in the victim's throat and took her to a remote location. There, he raped the victim. He later left the victim inside her vehicle in an unfamiliar urbanization in Carolina, Puerto Rico. *Id.* at ¶4. Colon took her ATM card, credit card and cellular phone. *Id.* Colon committed several transactions using the victim's ATM card at a jewelry store and made a cash withdrawal of $180. *Id.* at ¶9. Colon has now served more than twenty years of his sentence.

On December 8, 2020, Colon filed a Motion for Compassionate Release, Dkt. 111, which was denied without prejudice. Dkt. 156. On December 1, 2023, Colon filed a Motion to Reduce Sentence under Amendment 821. Dkt. 162. This motion was denied on March 4, 2024. Dkt. 167. Defendant filed an appeal; however, he voluntarily dismissed it, Dkt. 186. because he filed a second Motion to Reduce Sentence seeking a reduction under Amendment 821 and Compassionate Release grounds. Dkt. 173; Dkt. 175. On September 8, the United States requested an extension to respond to this second motion and it was granted. Dkt. 183; Dkt. 184. The government filed another motion requesting an extension of time to ascertain if a stipulation granting relief could be reached, which the court granted. Dkt. 187; Dkt. 188. On October 29, 2024, the government informed the court that an agreement could not be reached and opposed to the Motion to Reduce Sentence and Compassionate Release.

## STANDARD OF REVIEW

A court may grant so-called "compassionate release" to a defendant under 18 U.S.C. § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that:

>   the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i)     extraordinary and compelling reasons warrant such a reduction
>   ...
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13 (sentencing guidelines policy statement on compassionate release). Under this statute, a district court may properly consider a motion for compassionate release under three circumstances: (1) the motion is filed by the Director of the BOP; (2) the motion is filed by defendant after he exhausts all his administrative rights to appeal BOP's refusal to bring a motion on his behalf; or (3) the motion is filed by defendant 30 days after defendant requested BOP to petition for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1)(A).

Once a motion for compassionate release is properly before the court, the court must then determine if defendant is eligible for release. The statutory language quoted above requires that defendant show that "extraordinary and compelling reasons" warrant a reduction in his sentence, that the court consider the factors set forth in 18 U.S.C. § 3553(a) to the extent applicable, and that the reduction be "consistent" with the Sentencing Commission's applicable policy statements. *Id*. Additionally, a defendant's dangerousness is a paramount concern as a court weighs the decision to grant a defendant early release. *United States v. Gil*, 484 F.Supp.3d 19, 22 (D.N.H., 2020); *see also United States v. Bradshaw*, No. 1:15-CR-422, 2019 WL 7605447, at *3 (M.D.N.C. Sept. 12,

2019) (explaining overlap between dangerousness requirement in compassionate release policy statement and § 3553(a) requirement that court consider the need to protect the public).

The § 3553(a) factors a court must consider at sentencing include the nature and circumstances of the defendant's offense and the defendant's personal history and characteristics. 18 U.S.C. § 3553(a)(1). Section 3553(a) requires the court ensure that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public from further crimes of the defendant, and provides the defendant with needed training, medical care, and other treatment in the most effective way. 18 U.S.C. § 3553(a)(2). Section 3553(a) further requires the court consider the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(3)-(7).

In short, a court may reduce a term of imprisonment under the compassionate release provision if it finds: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *see also United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Moreover, the defendant has the burden of showing the abovementioned factors favor release. *United States v. Figueroa-Gibson,* 2024 WL 376432, at *2 (D.P.R. Jan. 31, 2024) (citing *United States v. Galiany-Cruz,* 2023 WL 6458535, at *1 (1st Cir. 2023); *United States v. Miranda-Rojas,* 2023 WL 7181650, at *1 (1st Cir. 2023)). The court has "broad discretion in deciding whether to grant or deny a motion for sentence reduction." *United States v. Paul Gileno*, 448 F.Supp.3d 183, 186 (D. Conn. 2020) (internal quotation marks omitted).

## DISCUSSION

The government waived the argument that Colon has not shown he exhausted his administrative remedies for this motion because the motion does not concern conditions of confinement, Dkt. 189 at 6, and it raised no other administrative or jurisdictional issues. I shall therefore proceed by addressing the merits of Colon's claim.

Again, a court may reduce a term of imprisonment under the compassionate release provision if it finds that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. I shall address each of these points in turn.

### A. Extraordinary and Compelling Reasons

Colon argues his case falls within one of the listed extraordinary and compelling reasons included in U.S.S.G. § 1B1.13(b), because he received an unusually long sentence:

> If a defendant received an (1) unusually long sentence and has (2) served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. U.S.S.G. § 1B1.13(b).

This section considers retroactive and non-retroactive changes in law, in accordance with the First Circuit's ruling in *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022), which has been incorporated into the Sentencing Guidelines. *See U.S. Sent'g Comm'n, Guidelines Manual* § 1B1.13(b), comment. (backg'd.) ("The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction . . . only in cases involving 'unusually long

sentences,'. . . [and] only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed."). Given that Colon has served at least ten years of his imprisonment, I analyze this argument and the cited changes in the Guidelines to determine whether there exist any gross sentencing disparities.

    i.    *Amendment 709*

Colon first argues Amendment 709 applies to him on two grounds. First, Colon argues two of his offenses were double counted in the presentence investigation report. Specifically, he states his third juvenile offense, and the adult offense were the same violation. Second, Colon argues two of his juvenile sentences were not for more than 12 months and as such these should not have been counted.

"[Amendment 709] addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S. SENT'G GUIDELINES MANUAL app. C (U.S. Sentencing Comm'n 2007), https://www.ussc.gov/guidelines/amendment/709. First, "[t]he amendment eliminates use of the term "related cases" at § 4A1.2(a)(2) and instead uses the terms 'single' and 'separate' sentences." *Id.* Under this change, the first inquiry is whether the prior sentences were for offenses that were separated by an arrest. *See id.* If there was, the sentences are counted separately. If there is no intervening arrest, the sentences are counted as a single sentence when the offenses were named in the same charging document or the sentences were imposed the same day. *Id.* Second, "the amendment addresses the use of misdemeanor and petty offenses in determining a defendant's criminal history score." *Id.* Section 4A1.2(c)(1) lists offenses that are counted only when the prior sentence was a term of probation of <u>more than</u> one year or a term of

imprisonment of at least thirty days or the prior offense was similar to a specific list of misdemeanor and petty offenses. *Id.*

Neither of the changes to these sections of the Guidelines apply to Colon. First, in the juvenile adjudication at issue, Colon was sentenced to two years and six months of imprisonment, not probation as Colon states. *See* Dkt. 72 at ¶ 29; Dkt. 175 at 4. His adult conviction resulted in a sentence of two years of probation. However, his probation was revoked, and he ended up being sentenced to two years of imprisonment. Dkt. 72 at ¶ 30. A review of the presentence investigation report shows these are two separate offenses, with two different sentences. As such, the sentences were appropriately counted separately.

As to Colon's second argument that his first juvenile adjudication should not have been counted because he was not sentenced to more than one year probation, his argument is unavailing. First, Colon was given criminal status points under §4A1.2(d), which pertains to offenses committed prior to the age of eighteen. Therefore, Section 4A1.2(c)(1) is not applicable. Even if, assuming *arguendo*, Section 4A1.2(c)(1) applied, the section only applies to misdemeanors and petty offenses. *See* USSG §4A.2(c)(1). Although the presentence investigation report does not state how long his sentence was, it does state that it was for a felony offense. *See* Dkt. 7 at ¶ 29. And per § 4A1.2(c)(1), "[s]entences for all felony offenses are counted." USSG §4A.2(c).

### ii. *Amendment 742*

Second, Colon seems to argue he received two points under § 4A1.1(e) for committing the instant offense less than two years following release of confinement, and that if he were sentenced today, these points would not be added thus lowering his criminal history status points from 11 to 9. Dkt. 189 at 13. The government counters that Colon did not receive these points. Dkt. 189 at 13.

Amendment 742 was implemented in 2010 and eliminated the so called "recency" points provided in § 4A1.1(e). U.S. SENT'G GUIDELINES MANUAL app. C (U.S. Sentencing Comm'n 2007), https://www.ussc.gov/guidelines/amendment/742. Prior to 2010, under § 4A1.1(e), a defendant could receive two points "if defendant committed any part of the instant offense less than two years following release from confinement." *See* U.S: SENT'G COMM'N, GUIDELINES MANUAL § 4.A1.1(e) (Nov. 2005). However, if defendant received two points under § 4A1.1(d) for committing the offense while under a criminal justice sentence, defendant would receive only one point. *Id*.

Here, Colon received two points for committing the offense while under a criminal justice sentence. *See* Dkt. 72 at ¶ 32. However, the presentence investigation report did not add a point for committing the offense less than two years from his release from confinement. Because the recency point was not added, there would be no change as to his status points because of Amendment 742.

### iii.     *Amendment 821*

Finally, Colon argues he would receive a sentence reduction under Amendment 821 because it would lower his Criminal History Category from V to III. Dkt. 175 at 6. The government counters that Amendment 821 does not have the effect of lowering Colon's Criminal History Category, as stated in my first Report and Recommendation, and as such, is not eligible for a sentence reduction. Dkt. 189 at 11-12.

Relevant to this case, Amendment 821 changed how criminal status points were added when defendant committed the offense while under a criminal justice sentence. U.S. SENT'G GUIDELINES MANUAL app. C (U.S. Sentencing Comm'n 2023), https://www.ussc.gov/guidelines/amendment/821. Under the amendment, a defendant who had six

or less criminal status points would not receive any additional points. However, if a defendant received more than seven criminal status points, he would receive only one point, as opposed to two. *Id.*

As discussed above, Colon's criminal status points do not change under Amendments 709 and 741. As such, the sum of Colon's three juvenile adjudications and one adult offense totals 9 points. The presentence investigation report added two points for committing the offense while under a criminal justice sentence. Under Amendment 821, he would only receive one additional point for committing the offense while under a criminal justice sentence. As a result, his new total status points would be 10. However, Colon remains under Criminal History Category V. As such, he is not eligible for a sentence reduction.

Therefore, Colon has not shown there are extraordinary and compelling reasons to reduce his sentence.

**B.  Danger to Community**

Although my findings on the first issue make any subsequent conclusions irrelevant, I will continue the analysis. The second issue the court must consider is if Colon will pose a danger to the safety of any other person or to the community if he obtains compassionate release.

The policy statement pursuant to 18 U.S.C. § 3582 states the imprisonment term might be reduced after considering various factors, including that the defendant is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). The analysis of the dangerousness component is made in accordance with 18 U.S.C. § 3142(g), which considers the following factors for the determination: nature and circumstances of the offense, weight of the evidence against the person, history and characteristics of the person, and the nature and

seriousness of the danger to any person or the community that would be posed by the person's release.

Moreover, there is no one test that courts rely upon when determining if a defendant poses a danger to the safety of the public at large; instead, courts may exercise discretion and apply the mentioned factors to determine whether these suggest the defendant is more or less likely to reoffend. *See United States v. Ayala-Vazquez*, 96 F.4th 1, 14 (1st Cir. 2024) (considering the defendant's criminal record to conclude he presented a danger to the community was an acceptable exercise of discretion).

Under the dangerousness factor, I find Colon poses a danger. Colon committed a violent offense, a carjacking that caused serious bodily harm. Dkt. 72 at ¶1. *See United States v. Quinney*, 2020 WL 5849002, at *3 (E.D. Mich. October 1, 2020) (noting that the underlying offense of carjacking makes a danger to the community and a violent offender); *United States v. Hill*, 2023 WL 3947948, at *2 (M.D. Fla. June 12, 2023) (same). While committing the offense, Colon placed a knife to the victim's throat and abducted the victim to a remote location. There, he raped her. *Id.* at ¶4; *see* Dkt. 83.

In addition to the instant offense, Colon committed three separate felonies as a juvenile and an adult conviction of illegal appropriation. *See* Dkt. 72 at 9-10. Colon's criminal history and the escalating nature of his crimes "suggest that [Colon] is not easily deterred and would pose a danger to the community." *See United States v. Washington*, 2022 WL 1026597, at *4 (E.D. Mich. April 6, 2022). Additionally, at 41 years old, Dkt. 72 at 2, he is more likely to recidivate than an older offender. *See United States v. Escobar-De Jesus*, 2024 WL 1230246, at *5 (D.P.R. Mar. 22, 2024) (noting when assessing 74-year-old's motion for compassionate release that "older offenders are substantially less likely than younger offenders to recidivate following release.") (citing U.S.

SENT'G COMM'N, THE EFFECTS OF AGING ON RECIDIVISM AMONG FEDERAL OFFENDERS 9–11 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf).

I note Colon states he was classified at a low-risk recidivism level, *see* Dkt. 175-1 at 12, but his Inmate Profile lists him at a high-risk recidivism level as of September 2024. *See* Dkt. 189-1 at 3; *see also* Dkt. 175-1 at 5. Colon is also housed at a medium-security facility and his security classification is listed at medium as of June 2022. *See United States v. Perkins*, 480 F. Supp. 3d 372, 374 (D.N.H., 2020) (citing incarceration at low security facility in support for finding defendant posed little risk).

It is unclear whether Colon will have the support network with his family as, under his long-term goals in the Individualized Needs Plan, it states Colon is to "attempt to reach out to family for assistance with securing employment upon his release." *See* Dkt. 175-1 at 5. Finally, in both the Individualized Needs Plan and the Inmate Profile state Colon exhibits anger and hostility. *See* Dkt. 175-1 at 4; Dkt. 189-1 at 2. This is evidenced by his disciplinary history while in custody where he has been administratively sanctioned for offenses ranging from refusing to obey order, fighting with another person, possessing contraband, and destroying items. *See* Dkt. 189-2 at 2-9.

However, there have been no disciplinary incident reports within the previous six months. *Id.* I also recognize Colon's efforts, such as completing his GED, and apparently completing dozens of educational courses during his incarceration. Dkt. 175 at 3-4. The rehabilitative efforts do mitigate Colon's dangerousness, *United States v. Gil*, 484 F.Supp.3d 19, 24 (D.N.H., 2020), but are insufficient. *See United States v. Malpica-Garcia*, 2024 WL 1172769, at *4 (D.P.R. Mar. 19, 2024) ("the [Sentencing Guidelines] policy statement specifically precludes a finding of

extraordinary and compelling reasons on [rehabilitation] standing alone."); *see also* U.S.S.G. § 1B1.13(d).

Taking these factors in combination, I conclude Colon poses a danger to the safety of any other person or the community.

### C. 18 U.S.C. § 3553(a) Factors

Finally, I consider whether the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reducing Colon's sentence.

Section 18 U.S.C. § 3553(a) outlines seven factors to consider in imposing a sentence. The seven factors are not particularly distinct, especially in the context of reducing rather than imposing a sentence, and most courts considering compassionate release analyze the factors in tandem rather than individually. *See, e.g.*, *United States v. Mackenzie*, 458 F.Supp.3d 53, 56 (D. Mass., 2020). They are (1) the nature and circumstances of the offense along with the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, adequately deter criminal conduct, protect the public from further crimes, and provide the defendant with educational or vocational training or medical care; (3) the kinds of sentences available; (4) the sentencing guideline range; (5) any policy statement issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution for victims of the offense. 18 U.S.C. § 3553(a).

The first six factors all weigh against Colon's release. Only the seventh factor arguably benefits Colon. The fifth factor "adds only that the defendant not be a danger to any person or community" and is analyzed above. *See, e.g.*, *United States v. Rodriguez,* 492 F. Supp. 3d 306, n.7 (S.D.N.Y. 2020).

The first and second factors overlap and do not favor Colon's release. The first factor is the nature and circumstances of the offense and the history and characteristics of the defendant. The second factor is the need for the sentence imposed to (1) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) adequately deter criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As discussed, Colon committed a carjacking which resulted in serious bodily injury to the victim, in that she was raped. His history and apparent character for recidivism, based on his state criminal history, weigh against his release. The seriousness of the crime committed justify a 300 month sentence as an appropriate deterrent for this type of criminal conduct and provide appropriate punishment. The third component of the second factor, protecting the public from further crimes, is discussed above, and will not be rediscussed in this section. *See United States v. Bradshaw*, No. 1:15-CR-422, 2019 WL 7605447, at *3 (M.D.N.C. Sept. 12, 2019) (explaining overlap between dangerousness requirement in compassionate release policy statement and § 3553(a) requirement that court consider the need to protect the public).

The third, fourth, and sixth factors, or the kinds of sentences available, the sentencing range established for the offense, and the need to avoid unwarranted sentence disparities among defendants with similar records, weigh against Colon's release. Colon has a total offense level of 36 and a criminal history category of V; for which the guideline range is 292-365 months. Dkt. 72 at ¶28, ¶33. And Colon did not have any co-defendants to compare if there were sentencing disparities.

*United States of America v. Eduardo Colon Nales*, Criminal No. 03-278-1 (RAM/BJM)    14

The seventh factor, which is the need to provide restitution to any victims of Colon's offense, does weigh in his favor. Colon was ordered to provide restitution to Doral Bank for financial losses resulting from the crime. Dkt. 72 at ¶54; Dkt. 83. The restitution totaled $3,287.88.00. Dkt. 83. Colon did not clarify whether he compensated Doral Bank, but his Financial Responsibility Payment Plan indicated he only had an obligation balance of $302.76. Dkt. 175-1 at 4. Thus, reflecting he has been paying restitution and is close to completing it. Although the effort is commendable, the § 3553(a) factors weigh against reducing Colon's sentence when taken in tandem, as only the seventh factor favors a reduced sentence.

I conclude Colon has not met his burden of showing that he is entitled to a sentence reduction under § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, I recommend that the court **DENY** the defendant's motion to reduce sentence and for compassionate release.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within two weeks of the date of this order. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 14th day of November 2024.

                                           s/ *Bruce J. McGiverin*
                                           BRUCE J. McGIVERIN
                                           United States Magistrate Judge